Kravitz v. Purcell May it please the Court, Mark Grubb for the State Defendants. The District Court correctly granted summary judgment in favor of defendants. The parties do not dispute that the claims against the majority of defendants were properly dismissed for lack of personal involvement. The claims against the remaining defendants are limited to the events of June 4, 2014. On that day, the plaintiff received nearly an hour to observe the religious holiday. The State Defendant's 56.1 statement, which was not opposed by the plaintiff, stated that the plaintiff was able to congregate with other Jewish inmates for prayer and eat a festive meal consisting of the religious necessary. Does the holiday of Shavuot commemorate? The record does not go into the history of the Jewish holiday. What are Jews supposed to do on Shavuot? Well, what the record states is that there is a meal consisting of these elements and prayers, communal prayers. So you're saying the State of New York has determined that having 20 seconds of prayer before he's interrupted captured the essence of what Jews are supposed to do on Shavuot and therefore there wasn't some substantial burden on his rights? Well, no. The State of New York has not determined that. And it does bear emphasis that this is not about DOCS's general policies, which provide for an hour 45 minutes. What happened here, again, the court, it was framed by what's in the 56.1 statements. But it sounds like we're sort of going into what was stated in the deposition testimony. And so I can go into that. And the plaintiff did testify that the prayers were cut off on two occasions. But he says it's a substantial burden on his rights, right? Right. I mean, he says... He says, I have a sincere religious belief that there was a substantial burden because I didn't get to commemorate Shavuot to what's required on the holiday, right? Well, he says he wasn't able to participate in... that the prayers were cut off, is what he says. And just to go back into the deposition transcript... You don't even know what Shavuot commemorates. Can I ask, like, why should the district court or the government get to decide what Jews are supposed to do on Shavuot and whether what he's prevented from doing was central enough to his religious beliefs? Hasn't the Supreme Court told us over and over again it's not appropriate for courts to go evaluating people's religious beliefs? That's correct. And the substantial... Is there any question that he's not being sincere? There's no question that he's not being sincere about his... So isn't that the end of the analysis? Well... The district court is not like the chief rabbi of the southern district who gets to decide what's required on Shavuot, right? That's certainly true, and what... Isn't that what he did here by saying, well, you got to say this one prayer even though you didn't get to do the other prayers, and I think that that was enough to commemorate Shavuot? That's what the district court decided, right? Well, I think the district court decided that the shortening of the service, that the plaintiff did not show that that caused the substantial burden as the case was framed on the summary judgment motion by the parties' filings. Okay, so you're not saying it's a substantial burden. You're saying he didn't show it. What would he have to do to show it? Well... Decide, like, Talmudic sources about what's required to do on Shavuot? He says that... The district court would decide whether the rabbis in this part of town were right about that? He says that he was... After the two interruptions occurred, he proceeded with the prayers and blessed the food, and that there was no interruptions or retaliation at that point. Right, so he says he was trying to do the prayer for the holiday, was interrupted. The officer says, no, no, no, just get to eating. I have things to do. And so he starts saying a prayer over the food. Right. And does that for 20 seconds or so, and then he's shuttled back to his cell and never gets to do the prayers for the holiday. And the district court says, well, that's enough. It's not a substantial burden because this isn't central to his religious belief. That's the bizarre thing for a federal court to say, isn't it? I mean, that's not what the plaintiff testified, because he said that after he blessed the food that he did, he did not continue. He did not want to. I don't remember. He continued because the officer was angry and didn't want to get into a fight with him. In fact, he says, I've seen blood before when there have been confrontations. So he thinks that the officer is going to beat him up if he continues. Right. And he also said that the other... It's not like he voluntarily decided that was enough. Right. And he also said that the other inmates, after the blessing of the food, sort of dove into the food is what the expression was. To back up, is it appropriate for a district court to decide what is central to practicing Judaism? I think it's proper for the district court to put the burden on the plaintiff to make the de minimis showing that this court talked about in Ford that the services that he received were inadequate. Why doesn't that suffice to say, I have a sincere religious belief that I was required to do more to pay with the holiday, unless you have a reason for questioning his sincerity that establishes a substantial burden on his rights? As in Greenhaven, the court said there needs to be more than just saying this two hours is not enough. We need the six hours. There has to be something more than that to establish the substantial burden. The Supreme Court has told us that courts should go around evaluating the centrality of certain practices to religious belief, right? Right. That's correct. The Supreme Court has moved on from this question. For some reason, in the 183 cases, we're still doing this inquiry where a district court gets to decide what somebody's religion requires. Well, I think the minimal inquiry that this court said occurs under Ford is consistent with the courts not inquiring to centrality. It's simply making the plaintiff come forward with sufficient evidence. And this case went through discovery. It comes forward with evidence that says it was a substantial burden because I didn't get to commemorate the holiday. Why is that not sufficient? What more evidence is it used to produce? Well, I think that's conclusory. Does the court hold rabbis or something about what's required on the Shabbat meals? I mean, those are examples of things that could be. I'm not saying that they're required. I mean, he does cite— So he could have that, really? He could have done— The government would bring in a different rabbi who says, no, actually— Well, no. Well, no, because the First Amendment test is not about some objective religious standard. It's about individual standards. Right. So if he says it's a substantial burden and you're not questioning the sincerity, that's the end of the analysis, isn't it? Well, we're not questioning the sincerity of his religious beliefs. And— You are questioning the sincerity of his statement that it was a substantial burden. That's a legal conclusion. That's not a statement of fact or evidence. Excuse me. Wasn't there time allotted for this service and feast? That's right. There was an hour and 45 minutes was allotted. An hour and 45 minutes. So that was a lot more than 20 minutes. So presumably this is not the first time that this holiday has come around on the calendar of the prison. So presumably the prison has cited, based on people's needs and practices and complaints, that an hour and 20 minutes is what this entails. So isn't it very clear that 20 minutes is a curtailment of the service and feast that this religion justifies and may require? Sure. Well, the time allotted by DOCS does not set a constitutional floor. DOCS tries to give inmates the ability to practice their religion to the maximum extent possible, going above the First Amendment standards, and that's what the— So you're saying they were given grace for allowing them to have an hour and 45 minutes, but 20 seconds of prayer actually suffices under the central tenets of Judaism? I'm not saying that. I'm saying that he had the opportunity to pray and ceased praying and did not articulate why that, beyond the conclusory statement, that's a substantial burden. But I'd like to raise one other— Can I ask another question? Yeah. How do we know the officers who were involved in what happened on the first night, June 3rd? So there's a valentine order, and then the state responds by saying, here are the officers who were assigned on June 3rd, right? Right. And then they also bid affidavit saying they weren't actually involved. Doesn't that mean the state did a bad job of identifying who was involved on the first night? Well, as the district court noted, the allegations in the first complaint were rather vague, and based on DOCS's understanding, based on that, under valentine, they produced a list of names of people that could have been involved. And that was sufficient for the plaintiff to survive a motion to dismiss and pursue discovery, where he could have obtained more detailed records. So you're saying he should have pursued additional discovery instead of relying on the government's representation that these are the officers who were assigned to the area on June 3rd? Well, there were various areas involved. There was initial of the cells, there was staging areas where they're taken to, and there's areas for the dining area. And the plaintiff's testimony talked about there being different people in these different areas. And so it's consistent that DOCS is saying here are some people that we knew were in these general areas, but that does not solve the plaintiff of the burden of proving who did what. And that just takes me to just one final point I want to make, which is on June 4th, the two remaining defendants, McMahon and Wassweiler, we did not dispute that they were present in the room, the dining room, but the plaintiff's allegations about the abruption, about the stopping of the prayer, focused on one correctional officer that he did not identify. His allegations that everybody was rushing them applied to everybody in the room. And so that's also why this was viewed as a duration question at the district court, and the district court applied Greenhaven. I'm over my time. If there's no further questions, we ask that you refer them. Okay. Thank you very much, Mr. Grew. The case is submitted. And because that is the last case on our calendar this morning, we are adjourned.